UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
4-94-CR-42(02)(JMR/JGL)
[redacted]

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Jose Ramiro Valenzuela-Obeso | ) | |

Petitioner seeks relief under 28 U.S.C. § 2255, claiming: (1) the one-year filing limitation included in the Antiterrorism and Effective Death Penalty Act ("AEDPA") is unconstitutional; (2) the government failed to prove both the quantity and type of illegal drugs ascribed to him, in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) the indictment failed to include the drug quantity, also in violation of the rule announced in Apprendi; (4) ineffective assistance of counsel; and (5) that a denial of a hearing on his § 2255 petition infringes upon protected Fifth Amendment due process rights. Petitioner's claims fail.

I. Background

For many years, petitioner and his brother, Juan Miguel Valenzuela-Obeso, organized a large drug importation and distribution organization in Minnesota. In 1994, petitioner was indicted on various counts of conspiracy to distribute illegal drugs, money laundering, possession with intent to distribute, and use of a juvenile in connection with a drug trafficking crime.

At trial, the government presented extensive evidence proving

JAN 15 2002

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 15 2002
DEPUTY CLERK

petitioner's involvement in both the drug and money laundering crimes, including physical evidence obtained during a legal search, testimony by several drug couriers and dealers, testimony linking petitioner to the money laundering, and testimony by veteran law enforcement officials. A jury found petitioner guilty on Count 1 -- conspiracy to distribute and possess with the intent to distribute heroin, cocaine, marijuana and methamphetamine from January 1, 1990, to March 2, 1994; Count 2 -- possession with intent to distribute 386 grams of methamphetamine; and Count 8 -- conspiracy to launder money from February 26, 1991, until March 1, 1994. On July 26, 1996, the Eighth Circuit Court of Appeals affirmed this conviction. Petitioner filed this § 2255 motion on June 25, 2001.

II. Analysis

A. Petitioner's § 2255 Motion is Time-Barred

Initially, the Court notes petitioner's failure to file his § 2255 petition within the one-year period established by statute. See 28 U.S.C. § 2255. Because petitioner's judgment of conviction became final over four years ago, his petition is untimely.

While there is a split among the circuits as to when the one-year limitation period begins, here the one-year period has expired regardless of which approach is used. Two appellate courts have found that the limitation period begins when the court issues its mandate in the direct criminal appeal. See United States v.

Torres, 211 F.3d 836, 839-41 (4th Cir. 2000); Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998). Over four years have now passed since the Eighth Circuit Court of Appeals issued its mandate affirming the judgment of this Court. Petitioner filed his motion on June 25, 2001, well past the one-year deadline.

The other appellate courts have held that, where no petition of certiorari has been filed, the judgment of conviction becomes final when the time for seeking certiorari review expires. See United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). The ninety-day period for filing a petition for writ of certiorari expired on October 23, 1996 -- over three years before petitioner filed this motion. Under either analysis, petitioner's habeas petition is time-barred.

Petitioner cannot utilize § 2255's tolling provisions to extend the limitations period. He does not claim government action prevented him from pursuing his claims, see 28 U.S.C. § 2255(2), or that he has acquired previously unavailable evidence, see 28 U.S.C. § 2255(4).

The Eighth Circuit Court of Appeals has determined that the rule in Apprendi is not a "watershed" rule which is retroactively available on collateral review. See United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (limiting the application of Apprendi

to cases on direct review). As a result, the tolling provision of 28 U.S.C. § 2255(3) is also inapplicable to petitioner's motion. Even if he had raised the claim in a timely manner, he procedurally defaulted the claim by failing to raise it on direct review. See id. at 1001-03; Dukes v. United States, 255 F.3d 912 (8th Cir. 2001).

B. AEDPA's Time Bar is Constitutional

Petitioner argues that the time bar applicable to § 2255 petitions, enacted by Congress in the AEDPA, unconstitutionally violates prisoners' due process rights, and should therefore be ignored by this Court. Although his precise constitutional claim is somewhat opaque, petitioner appears to claim that the one-year limitation violates his Fifth Amendment due process rights. This claim fails. The Fifth Amendment "does not establish any right to collaterally attack a final judgment of conviction." United States v. MacCollom, 426 U.S. 317, 323 (1976) (plurality). Absent a right to collaterally attack his conviction, Congress's adoption of a one-year limitation does not infringe upon the Fifth Amendment.

In the alternative, petitioner's due process claim can be construed as a contention that the one-year limitation unconstitutionally suspends the writ of habeas corpus, in violation of Article I, § 9. See Art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."); see

also In re Vial, 115 F.3d 1192, 1197 n. 10 (4th Cir. 1997) (upholding limitations on successive petitions against constitutional challenges). While the United States Supreme Court has not considered the constitutional validity of the time limitations, in Felker v. Turpin it upheld limitations on successive petitions, stating that the AEDPA limitations simply represented the longstanding principle that "the power to award the writ by any of the courts of the United States must be given by written law." See 518 U.S. 651, 664 (1996) (citations omitted). "The limitations on habeas corpus relief...contained in the AEDPA, the Court reasoned, amounted to an entirely proper exercise of Congress' judgment regarding the proper scope of the writ and fell 'well within the compass of the [the] evolutionary process' surrounding the doctrine of abuse of the writ." See In re Vial, 115 F.3d at 1198 (quoting Felker, 518 at 664). The same standard applies here: in passing AEDPA, Congress merely altered the scope of habeas relief. The one-year limitation included in that legislation is therefore constitutional.

C. Apprendi

Petitioner also claims the jury failed to make an independent determination of drug quantity, drug type, and money amount, as required by Apprendi. See Apprendi v. United States, 530 U.S. 466 (2000). Petitioner, however, failed to raise this issue in his direct appeal. See United States v. Martha Elana Gonalez, 90 F.3d

1363 (8th Cir. 1996). His claim is barred because Apprendi is not applicable to cases on collateral review. Apprendi v. New Jersey, 530 U.S. 466; Moss, 252 F.3d at 997. A petition under § 2255 cannot substitute for a direct appeal. See United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993). Having failed to raise the issue on direct appeal, petitioner is barred from doing so here.

D. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel requires a showing that counsel's performance was so deficient that it prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668 (1984). Here, petitioner's claim of ineffective assistance of counsel fails, because he cannot show any prejudice stemming from his attorney's performance. See id. at 690 (stating that petitioner must show that "counsel was not functioning as 'council guaranteed' by the Constitution"). Under Strickland, this Court reviews counsel's performance under a deferential standard. See id. at 689; English v. United States, 998 F.2d 609, 613 (8th Cir. 1993). Petitioner argues that his attorney was ineffective in failing to raise an Apprendi-type challenge during trial.

He fails to show, however, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." See Strickland, 466 U.S. at 694. He has failed to explain how errors

made by defense counsel altered the course of his trial. Petitioner's case was tried in August, 1995, well before the Supreme Court's Apprendi decision. Counsel cannot be faulted for failing to identify constitutional challenges not yet recognized by the Supreme Court. Had counsel raised Apprendi-type challenges at the time, there is no reason to believe this Court would have tried the case or instructed the jury in a different manner. Petitioner suffered no harm or prejudice from his attorney's representation.

Beyond petitioner's failure to meet the Strickland standard, the Court notes that the undersigned tried this case. During the course of the trial, the Court observed the performance of petitioner's counsel. Based on this Court's direct observation, counsel was in all regards a zealous and competent advocate, who represented her client well.

E. Petitioner's Request for a Hearing

Lastly, petitioner claims that without a hearing on his § 2255 petition, his constitutional due process rights will be violated. Petitioner can be assured that the Court has thoroughly read his submissions and the law applicable to his legal claims. Federal habeas law provides that when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" a hearing is unnecessary. See 28 U.S.C. § 2255; see also McNeal v. United States, 249 F.3d 747, 749 n.2 (8th Cir. 2001). The present case was tried before this Court; as a result, it has

detailed, extensive knowledge of the facts and evidence presented. A hearing on the merits of these claims would not enhance the Court's understanding of the issues or facts presented in this motion; petitioner's request for a hearing is therefore denied.

F. Certificate of Appealability

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

2. No Certificate of Appealability will be issued in this matter.

Dated: January 14th, 2002

JAMES M. ROSENBAUM
United States District Chief Judge